UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAQUAY HILER,
        Plaintiff,

      v.                                                          Case No. 08-C-103

CAPTAIN LAURENT, SGT. RETZLAFF,
RN JEAN LUTSEY and SGT. SCHUH,
        Defendants.

## ORDER

Plaintiff, who is incarcerated at Jackson Correctional Institution, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $4.80.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations

2

contained in the complaint. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on May 12, 2005, defendant Captain Laurent used two tear gas grenades to control his behavior. The events leading up to the gassing are described in Adult Conduct Report 1647515, which is attached to the complaint. See Fed. R. Civ. P. 10(c). According to the conduct report, defendant Sgt. Schuh noticed that plaintiff had covered his cell window with paper. Plaintiff refused orders to remove the paper. Defendant Sgt. Schuh informed defendant Sgt. Retzlaff and they both went to plaintiff's cell where plaintiff again refused orders to remove the paper. Defendants Schuh and Retzlaff then conducted a "trap check with the clear shield." Plaintiff began "throwing wet paper and food out of his trap." Then plaintiff began "kicking through his trap striking the shield several times." Then defendants Schuh and Retzlaff "closed the trap" and Retzlaff informed defendant Capt. Laurent of the incident.

Plaintiff alleges that after defendant Laurent used the tear gas on him, he was not provided with an opportunity to shower nor was he offered clean linens, mattress, or clothing. Rather, plaintiff was required to wait in his cell for over three hours until he was seen by defendant Nurse Lutsey. However, defendant Lutsey refused to wash plaintiff's eyes out. At 5:50 a.m., defendant Lutsey offered plaintiff a shower. Plaintiff was then taken back to the same cell which was still in an unsafe condition due to the chemicals. Defendant Lutsey ignored the situation and simply turned the water on to the shower inside the cell. At that point, all plaintiff could do was sit down by the cell door and he did not bother to take a shower. For relief, plaintiff seeks to sue each defendant for pain and suffering, mental anguish, and inadequate and cruel treatment.

To prove an excessive force claim, plaintiff must show that the decision to use tear gas on him was taken not as a good faith effort to restore discipline, but as a malicious and sadistic attempt to inflict suffering. Whitley v. Albers, 475 U.S. 312- 320-21 (1986); Ort v. White, 813 F.2d 318, 321-23 (11th Cir. 1987). Prison guards may use chemical sprays when reasonably necessary to subdue recalcitrant prisoners, for orders must be obeyed, and there are only so many choices available to correctional officers when inmates refuse. Soto v. Dickey, 744 F.2d 1260, 1267 (7th Cir. 1984). While detaining an inmate for eight hours after using chemical agents without allowing him to wash his face amounts to the wanton infliction of pain and suffering, Williams v. Benjamin, 77 F.3d 756, 764-65 (4th Cir. 1996), holding the inmate until the disturbance has clearly ended does not, id. at 764, nor does waiting ten to twenty minutes before letting him wash off the spray, Jones v. Shields, 207 F.3d 491, 493, 496 (8th Cir. 2000).

4

The court finds that plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated. He may proceed on a claim under the Eighth Amendment.

**Therefore,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $345.20 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the

5

amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 21 day of April, 2008.

/s_____
LYNN ADELMAN
District Judge

6