# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAQUAY HILER,**

       **Plaintiff,**

       v.                                              Case No. 08-C-103

**CAPTAIN LAURENT, SGT. RETZLAFF,**
**RN JEAN LUTSEY, and SGT. SCHUH,**

       **Defendants.**

## DECISION AND ORDER

Plaintiff, who is currently incarcerated at the Waupun Correctional Institution, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. Plaintiff claims that defendants used tear gas on him in a manner violating the Eighth Amendment to the United States Constitution. Before me is defendants' motion for summary judgment for failure to exhaust administrative remedies, as well as a miscellaneous motion filed by plaintiff and his motion to appoint counsel.

## I. MOTION FOR SUMMARY JUDGMENT

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be

such that a "reasonable jury could return a verdict for the nonmoving party." Id.  For a fact to be material, it must relate to a matter that "might affect the outcome of the suit." Id.

At all times relevant to this action, plaintiff was an adult inmate incarcerated within the Wisconsin State Prison System at the Green Bay Correctional Institution ("GBCI").  In order to exhaust administrative remedies in a Wisconsin prison, an inmate must follow the procedures outlined in Wisconsin Administrative Code Ch. DOC 310, which establishes the Inmate Complaint Review System ("ICRS").  That is, he must file a complaint relating to his grievance, receive a decision on the complaint, and appeal any adverse decision.  In the present action, plaintiff alleges that defendants were cruel and unusual toward him as a result of an incident that took place on May 12, 2005, where tear gas was used on plaintiff to control his behavior.  Tom Gozinske is employed by the Wisconsin Department of Corrections as a corrections complaint examiner and is a custodian of ICRS business records.  Gozinske has examined his office's records and has ascertained that plaintiff has not filed any inmate complaint relating to the allegations asserted in this lawsuit.  Therefore, argue defendants, plaintiff has failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies is a condition precedent to suit.  Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999)).  Section 1997e applies to "all inmate suits, whether

2

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006); see also Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (citing Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)).

Plaintiff contends that he could not file an inmate complaint relating to the May 12, 2005 incident because the prison had him on a paper restriction at that time. He also argues that he exhausted his claim by filing Inmate Complaint # JCI-2008-8561 on March 20, 2008 – almost three years after the alleged event.

I first address whether plaintiff's 2008 inmate complaint could satisfy the exhaustion requirement with respect to the May 12, 2005 incident. To begin, I note that defendants have not asserted that the 2008 complaint was untimely, and thus I will simply assume that it was. However, even if the complaint was timely, there is nothing in the record to suggest that the complaint related to the May 12, 2005 incident. All that the record reveals is that the DOC characterized the claim as follows: "Inmate Complains about treatment while at Green Bay Correctional Institution." (Gozinske Aff. ¶ 5, Ex. A (entry for JCI-2008-8561).) Also, the record reveals that plaintiff did not appeal the denial of this complaint to the corrections complaint examiner. (Gozinske Aff. ¶ 5, Ex. A (entry not highlighted, indicating

3

no appeal).) Thus, even if plaintiff's 2008 complaint did relate to the 2005 incident, it is undisputed that the grievance process was not completed with regard to that complaint. Accordingly, the 2008 complaint cannot satisfy the exhaustion requirement.

Plaintiff's second argument is that he was on a paper restriction around the time of the May 12, 2005 incident and therefore could not have filed a timely inmate complaint. The ICRS does require that inmate complaints be in writing and filed within 14 days after the incident (unless good cause is shown). See Wis. Admin. Code § DOC 310.09. Thus, if the prison refused to give plaintiff the necessary paperwork during the 14 days following the incident and would not accept a complaint filed after the paper restriction was lifted, no administrative remedies would have been available to plaintiff, and his failure to exhaust such remedies would be excused. See 42 U.S.C. § 1997e(a); Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004). Defendants have not responded to plaintiff's assertion that he was on a paper restriction, possibly because plaintiff may not have served defendants with a copy of the letter in which he cites his paper restriction.[1] Further, plaintiff's allegations concerning his paper restrictions are not contained in an affidavit or other admissible form,[2] and the paperwork he has submitted shows that his paper restriction may have expired on March 30, 2005 – well before the May 12 incident. However, plaintiff is proceeding pro se, and it is defendants' burden to show that plaintiff has not exhausted his administrative

---

[1]Plaintiff is once again reminded that he must mail a copy of everything he files with the court to counsel for defendants. From now on, the court will not consider any document that does not contain a statement by plaintiff in which he certifies that he mailed a copy to defendants' counsel before filing it.

[2]Plaintiff is reminded that in order to contradict any facts proposed by defendants, he must submit an affidavit in which he swears under penalty of perjury that the matters contained in the affidavit are true and correct.

4

remedies. Taking plaintiff's pro se status into account, I find that plaintiff has raised enough of a question concerning exhaustion that further investigation is needed before I can conclude whether any administrative remedies were truly "available" to plaintiff. Therefore, I will deny defendants' current motion for summary judgement without prejudice. Defendants may investigate plaintiff's allegations regarding his inability to file a timely inmate complaint due to his paper restriction. After concluding their investigation, defendants may, if appropriate, renew their motion for summary judgment based on nonexhaustion.

## II. ADDITIONAL MATTERS

On December 1, 2008, plaintiff filed a document labeled "Plaintiff Motion." This document does not request any specific relief, and therefore the "motion" will be denied. On January 20, 2009, plaintiff filed a motion to appoint counsel. I will deny the motion at this time because plaintiff appears to be capable of litigating the exhaustion issue himself. If as the case progresses it becomes apparent that counsel is necessary, I will reconsider whether to recruit counsel on plaintiff's behalf.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendants' motion for summary judgment (Docket #14) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion (Docket #32) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #33) is **DENIED**.

5

**FINALLY, IT IS ORDERED** that the parties may conduct discovery relating to the issue of exhaustion of administrative remedies. Any dispositive motions relating to exhaustion must be filed on or before **March 13, 2009**. If no such motions are filed, the court will enter a scheduling order relating to the merits of plaintiff's claim.

Dated at Milwaukee, Wisconsin, this 29 day of January, 2009.

/s\
LYNN ADELMAN\
District Judge