# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAQUAY HILER,

            Plaintiff,

      v.                                                    Case No. 08-C-103

CAPTAIN LAURENT, SGT. RETZLAFF,
RN JEAN LUTSEY, and SGT. SCHUH,

            Defendants.

## ORDER

The plaintiff, JaQuay Hiler, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed *in forma pauperis* on a claim that the defendants used tear gas on him in a manner violating the Eighth Amendment to the United States Constitution. On January 29, 2009, United States District Judge Lynn Adelman denied without prejudice the defendants' motion for summary judgment for failure to exhaust administrative remedies because Hiler raised a question concerning whether administrative remedies were "available" to him. *See* 42 U.S.C. § 1997e(a). Judge Adelman also granted the defendants leave to investigate Hiler's allegations regarding his inability to file a timely offender complaint due to his paper restriction and determined that, after concluding their investigation, the defendants could renew their motion for summary judgment based on nonexhaustion. Before the court is the defendants' second motion for summary judgment for failure to exhaust administrative remedies.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact; and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Id.* at 267; *see also Celotex Corp.*, 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves ..."); Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule

-2-

– set out specific facts showing a genuine issue for trial.").  "Rule 56(c) mandates the entry of summary judgment, ... upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322.

## FACTS[1]

Tom Gozinske is an adult resident of the State of Wisconsin employed by the Wisconsin Department of Corrections (DOC) as a Corrections Complaint Examiner (CCE), whose duties and responsibilities are defined in chapter DOC 310, Wis. Admin. Code.  (Second Affidavit of Tom Gozinske, dated February 17, 2009, ¶ 1). Gozinske is also the custodian of the regularly conducted business records of his office.  (Gozinske Aff. ¶ 2).  Gozinske understands that in this case Hiler is alleging that the defendants were "cruel and unusual" toward him as a result of an incident that took place at the Green Bay Correctional Institution (GBCI) on May 12, 2005, where tear gas was used on him to control his behavior.  (Gozinske Aff. ¶ 4).

Attached to the Second Affidavit of Tom Gozinske as Exhibit B is Offender Complaint JCI-2008-8561, filed by Hiler.  (Gozinske Aff. ¶ 5, Ex. B).  Offender Complaint JCI-2008-8561 involves allegations of excessive force by Green Bay Correctional staff against Hiler sometime between March 2005 and May 26, 2005, but makes no reference as to Hiler's reasoning for filing this complaint three years after the alleged incident.  (Gozinske Aff. ¶ 5).  Offender Complaint JCI-2008-8561

---

[1] Facts are taken from the defendants' Supplemental Proposed Findings of Fact.

-3-

was rejected pursuant to DOC 310.11(5)(d), because the "inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause for the ICE to extend the time lines." (Gozinske Aff. ¶ 6).

Gozinske's review of Hiler's Inmate Complaint Review History indicates that Hiler did not appeal the rejection of JCI-2008-8561 to the Warden as required by Wis. Admin. Code DOC § 310.11(6). (Gozinske Aff. ¶ 7). Hiler attempted to appeal the rejection of JCI-2008-8561 to Gozinske, however, pursuant to Wis. Admin. Code DOC § 310.13(3), the CCE shall not review a rejected complaint. (Gozinske Aff. ¶ 8). Hiler has not filed any other offender complaints that may relate to the allegations asserted in this lawsuit. (Gozinske Aff. ¶ 9).

William Swiekatowski is employed by the DOC as a Supervising Officer 1 at GBCI. (Affidavit of William Swiekatowski, dated February 16, 2009, ¶ 2). In Swiekatowski's capacity as Supervising Officer 1, his duties include, but are not limited to, the security, custody and control of inmates at GBCI. In addition, he provides supervision to Correctional Officers and Correctional Sergeants. *Id.* It is Swiekatowski's understanding that Hiler is alleging that he could not exhaust his available administrative remedies concerning an alleged incident that occurred on May 12, 2005, due to the fact that he was under a "paper restriction." (Swiekatowski Aff. ¶ 3).

Swiekatowski's review of institution records indicate that Hiler was on three different restrictions in May of 2005. (Swiekatowski Aff. ¶ 4). True and correct copies of these offender restrictions are attached the Affidavit of William Swiekatowski and marked as Exhibit A. (Swiekatowski Aff. ¶ 4, Ex. A). Only one of these restrictions involved not being allowed to possess paper, but this restriction went from May 6, 2005, until May 9, 2005. Hiler was not under any other paper restrictions in May of 2005. (Swiekatowski Aff. ¶ 4).

Swiekatowski has additionally checked into what status Hiler was in at GBCI on May 12, 2005. (Swiekatowski Aff. ¶ 5). On May 12, 2005, Hiler was placed on controlled segregation status and remained there until May 15, 2005. (Swiekatowski Aff. ¶ 6). During this three day period, Hiler would not have been allowed to possess any property, including any paper items. (Swiekatowski Aff. ¶ 6). On May 15, 2005, Hiler was released from controlled segregation status and was allowed to possess paper and could have submitted an offender complaint then. (Swiekatowski Aff. ¶ 7). Therefore, pursuant to Wis. Admin. Code Ch. DOC 310, Hiler still had eleven days in which to file an offender complaint for an alleged incident that occurred on May 12, 2005, as the Code allows an inmate fourteen days from the date of the incident to file a complaint. (Swiekatowski Aff. ¶ 8).

## ANALYSIS

The defendants contend that the court should dismiss Hiler's claims for failure to exhaust administrative remedies because Hiler was not subjected to a paper

Case 2:08-cv-00103-JPS    Filed 01/28/10    Page 5 of 8    Document 54

restriction that would have prevented him from filing a timely offender complaint. In response to the defendants' motion, the plaintiff submitted three affidavits. The first affidavit, filed May 19, 2009, avers that counsel for the defendants did not give Hiler enough time to submit an affidavit. The second affidavit, also filed May 19, 2009, avers that the court should dismiss William Swiekatowski's affidavit because he is not a defendant. The third affidavit, filed May 27, 2009, avers:

> [The] incident that took place May 12, 2005 at Green Bay Correctional institutional Segregation, plaintiff Jaquay Hiler behavior was out of control, which plaintiff Jaquay Hiler cover the window with paper, handbook of Green Bay Correctional Institution Segregation prohibit inmates from covering window if so the inmates is placed on paper restrictions, so after the incident May 12, 2005 plaintiff was placed on paper restriction. I plaintiff, Jaquay Hiler, send with this affidavit, page 3 of Green Bay Correctional Institution Segregation handbook, plaintiff Jaquay Hiler also send the conduct report 1647515 of the incident that happened May 12, 2005, 14 days after the incident I plaintiff, Jaquay Hiler went to Mental Health Facility dated May 26, 2005.

(Hiler Aff. of May 27, 2009).

The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

In this case, it is undisputed that Hiler failed to file a timely offender complaint related to the May 12, 2005 incident. It is also undisputed that, while the plaintiff was on paper restriction from May 6 through May 9, 2005, the incident took place on May 12, 2005, and he was not on paper restriction at any other time in May 2005. Thus, Hiler did not exhaust his available administrative remedies. Accordingly, this case will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395 (7th Cir. 2004).

**IT IS ORDERED** that the defendants' motion for summary judgment (Docket #37) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that this case be and the same is hereby dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge